IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Frank C. Brown, Jr.,              :

          Plaintiff,              :    Case No. 2:10-cv-965

     v.                           :    JUDGE EDMUND A. SARGUS, JR.
                                        Magistrate Judge Kemp
Captain Andre J. Johnson,         :
     et al.,
          Defendants.             :

REPORT AND RECOMMENDATION
AND ORDER

     Plaintiff, Frank C. Brown, a state prisoner confined at the
London Correctional Institution, filed this 42 U.S.C. §1983 case
claiming that his constitutional rights were violated by certain
actions which, he contends, were taken in retaliation for his
exercise of his First Amendment rights.  The defendants, all
corrections officials at the London Correctional Institution,
where Mr. Brown resides, have moved to dismiss the complaint on
grounds of qualified immunity.  Mr. Brown has opposed that
motion, and has also moved for leave to amend his complaint.  For
the following reasons, it will be recommended that the motion to
dismiss be denied.

I.  The Facts

     The facts before the Court in connection with the motion to
dismiss are no different than those which the Court considered in
connection with a prior determination about whether the complaint
could withstand initial screening.  Defendants have not submitted
any factual material with their motion, but simply argue, as a
matter of law, that even if what Mr. Brown claims about their
allegedly retaliatory acts is true, they are entitled to
qualified immunity from suit.  Thus, the Court continues to draw
its factual basis from Mr. Brown's complaint.  The Court

incorporates by reference its prior recitation of those facts, and will repeat them here only as necessary to decide the qualified immunity question. Further, only those facts relating to the defendants' alleged retaliatory actions are relevant here, because defendants' motion does not address whether Mr. Brown was engaged in protected First Amendment activity, as he alleges, nor whether their actions (as he describes them, which description the Court must accept as true at this stage of the case) were causally connected to Mr. Brown's First Amendment activities.

II.  The Legal Standard

A motion to dismiss under Fed. R. Civ. P 12(b)(6) should not be granted if the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). All well-pleaded factual allegations must be taken as true and be construed most favorably toward the non-movant. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009). Rule 8(a) admonishes the Court to look only for a "short and plain statement of the claim," however, rather than requiring the pleading of specific facts. Erickson v. Pardus, 551 U.S. 89 (2007).

A 12(b)(6) motion to dismiss is directed solely to the complaint and any exhibits attached to it. Roth Steel Products v. Sharon Steel Corp., 705 F.2d 134, 155 (6th Cir. 1983). The merits of the claims set forth in the complaint are not at issue on a motion to dismiss for failure to state a claim. Consequently, a complaint will be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) only if there is no law to support the claims made, or if the facts alleged are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to relief. See Rauch v. Day & Night Mfg. Corp., 576 F.2d 697, 702 (6th Cir. 1978). Rule 12 (b)(6) must be read in conjunction with Fed. R. Civ. P. 8(a) which provides that a pleading for relief shall contain "a short and plain statement of the claim showing that

-2-

the pleader is entitled to relief." 5A Wright & Miller, <u>Federal Practice and Procedure</u> § 1356 (1990). The moving party is entitled to relief only when the complaint fails to meet this liberal standard. <u>Id</u>.

On the other hand, more than bare assertions of legal conclusions is required to satisfy the notice pleading standard. <u>Scheid v. Fanny Farmer Candy Shops, Inc.</u>, 859 F.2d 434, 436 (6th Cir. 1988). "In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under <u>some</u> viable legal theory." <u>Id</u>. (emphasis in original, quotes omitted).

> "[w]e are not holding the pleader to an impossibly high standard; we recognize the policies behind rule 8 and the concept of notice pleading. A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist."

<u>Id</u>. It is with these standards in mind that the motion to dismiss will be decided.

### III. <u>Discussion</u>

Defendants' motion is based upon the defense of qualified immunity. That defense, which is available to governmental officials who are sued for damages while engaged in the performance of discretionary functions, is evaluated using the following legal principles.

Public officials sued under 42 U.S.C. §1983 in their individual capacities may raise "qualified immunity" as a defense to the suit. That defense has been explained as follows:

> "[G]overnment officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established constitutional or statutory rights of which a reasonable person would have known."

<u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982). Conversely, "if

-3-

the law was clearly established, the immunity defense should fail, since a reasonably competent public official should know the law governing his conduct." Id. at 818-19.

As explained in Dominique v. Telb, 831 F.2d 673 (6th Cir. 1987), when the defense of qualified immunity is raised, a plaintiff must include in the pleadings factual allegations necessary to support the conclusion that the defendants violated clearly established law.  When the defense is raised by motion, "the District Court must decide the purely legal question of whether the law at the time of the alleged action was clearly established in favor of the plaintiff." Id.  The Court's decision on this issue should indicate the law as the Court perceives it and the basis for its conclusion that the constitutional rights at issue were clearly established.

In order for a constitutional right to be clearly established, it is necessary that a decision of the Supreme Court, the highest Court of the state, or a Court of Appeals announce the constitutional principle.  See Robinson v. Bibb, 840 F.2d 349 (6th Cir. 1988).  A single, idiosyncratic decision from one Court of Appeals is not sufficient to establish clearly a constitutional right.  Davis v. Holly, 835 F.2d 1175 (6th Cir. 1987).

> "Although official action is not necessarily protected
> by qualified immunity unless and until the very action
> in question has been held unlawful...an official is not
> bound to anticipate correctly possible future
> extensions of the law if the question of law was open
> at the time he acted."

Garvie v. Jackson, 845 F.2d 647, 652 (6th Cir. 1988).

Ordinarily, the Court must undertake a three-step analysis in determining whether qualified immunity applies.  First, the Court should identify the specific constitutional right that the

-4-

defendant or defendants allegedly violated.  Second, the Court should determine whether, viewing the facts most favorably to the plaintiff, a violation of that right has been established. Finally, the Court should decide whether a reasonable state official would have known, at the time the action occurred and in light of the "clearly established law," that the plaintiff's constitutional rights had been violated.  If so, qualified immunity is unavailable.  <u>See Dickerson v. McClellan</u>, 101 F.3d 1151, 1157 (6th Cir. 1996).

The substantive constitutional right at issue in this case is the right not to suffer retaliation in response to the exercise of a First Amendment right.  As the Court has already explained in this case, in <u>Thaddeus-X v. Blatter</u>, 175 F.3d 378, 394 (6th Cir. 1999), the Court of Appeals held that a valid claim for retaliation can be stated if an inmate alleges three things: the exercise of a First Amendment right, "an adverse action ... taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and ... a causal connection between elements one and two - that is, the adverse action was motivated at least in part by the plaintiff's protected conduct."

Here, the question raised by defendants' motion is whether, in September, 2010, when Mr. Brown claims to have been removed from his job in the prison law library, reasonable officials in the defendants' positions should have realized that such an action was sufficiently adverse to discourage a person of ordinary sensibilities from pursuing protected First Amendment activities such as filing legitimate grievances or conducting litigation.  A close examination of the case law is required in order to answer this question.

In some circuits, there are cases which clearly suggest, well before 2010, that retaliatory job assignments or job

-5-

transfers are sufficiently adverse to satisfy the second prong of the <u>Thaddeus-X</u> test. <u>See, e.g, Walker v. Pataro</u>, 2002 WL 664040, *18 (S.D.N.Y. April 23, 2002) (citing cases). Within the Third Circuit, a district court denied a claim for qualified immunity based on this exact scenario, that is, dismissing the plaintiff inmate from his job with a concomitant loss of wages. <u>See Floyd v. Dugal</u>, 2003 WL 23101802 (E.D. Pa. December 16, 2003). The same is true in the Seventh Circuit. <u>See Turley v. Catchings</u>, 2004 WL 2092008 (N.D. Ill. September 15, 2004). The Court of Appeals for the Ninth Circuit held, as early as 2001, that an inmate's being forced to relinquish his prison job as a result of threats of retaliation was a violation of the First Amendment, <u>see Gomez v. Vernon</u>, 255 F.3d 1118 (9th Cir. 2001), and the Court of Appeals for the Tenth Circuit announced a similar holding ten years before that. <u>See Williams v. Meese</u>, 926 F.2d 994, 998 (10th Cir. 1991)("prison officials cannot punish plaintiff for exercising his first amendment rights by denying him certain job assignments or transferring him from one job to another").

Cases within this circuit are not quite so direct. For example, in <u>Coates v. Kafczynski</u>, 2006 WL 3344900 (W.D. Mich. November 17, 2006), the court held that the plaintiff had not alleged more than a <i>de minimis</i> action when he was transferred to another prison and given a job with less total (although the same hourly) pay because he was not technically qualified for the higher-paying job and would have lost it eventually. This Court's prior opinion in this case cited <u>Siggers-El v. Barlow</u>, 412 F.3d 693 (6th Cir. 2005) as some supporting authority, although that case involved not just a job change but the transfer of the plaintiff to another prison, the loss of the wages associated with his job, and less access to his attorney. <u>McGough v. Corrections Corp. of America</u>, 2007 WL 3088216 (M.D. Tenn. October 19, 2007) held that the combination of refusing to

assign the plaintiff to a prison job, denying him copies of his grievances, and denying him "indigent supplies" was enough to support a retaliation claim. Taken together, these cases both confirm that the Thaddeus-X test is well established in this circuit, and that a variety of retaliatory actions can be considered sufficiently adverse to pass the *de minimis* standard created by the second prong of that test.

Here, it is important to remember that Mr. Brown does not identify the loss of his library job as the only kind of retaliation he suffered. He couples that action with other conduct on the part of defendants, including issuing him false conduct reports, being searched or threatened with searches due to his First Amendment activities, and being threatened with consequences for filing grievances. Although these latter actions, standing alone, might be viewed as *de minimis*, the combination of these actions and Mr. Brown's loss of his prison job would, in light of the weight of the legal authority cited above, have alerted a reasonable prison official that a prisoner of ordinary firmness would feel inhibited in the further exercise of his First Amendment rights if he suffered those consequences. Cf. Bell v. Johnson, 308 F.3d 594 (6th Cir. 2002), holding that the search and confiscation of legal papers can form part of a retaliation claim. Thus, while there does not appear to be a case within this circuit dealing with the exact circumstances present here, as the Court of Appeals has recently cautioned, "a wide variety of sources, even those that are not authoritative, can provide defendants with fair warning" of the unconstitutional nature of their actions, and it is not necessary that the "'very action in question has previously been held unlawful'" in order for the defendants to be on notice as to its unlawfulness. Barker v. Goodrich, 649 F.3d 428, 435 (6th Cir. 2011), quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987). The variety and

-7-

timing of decisions from other courts, coupled with the decisions within this circuit interpreting Thaddeus-X, persuade the Court that dismissal is not appropriate on the question of whether Mr. Brown has sufficiently alleged enough adverse action to satisfy the second prong of the Thaddeus-X test.  As he has described the retaliatory actions directed toward him, a reasonable prison official would have appreciated their unlawfulness, and whether these actions actually occurred becomes "a question of fact, not dismissible as a matter of law."  Thaddeus-X, 175 F.3d at 398.  Thus, it will be recommended that the motion to dismiss be denied.

IV.  The Motion for Leave to Amend

In his motion for leave to amend his complaint, Mr. Brown asserts that he is still being harassed for exercising his First Amendment rights, and he seeks to add claims against two additional defendants, corrections officers Andrew M. Skinner and Jeffrey D. Jones.  Defendants have opposed the motion on grounds that these claims are futile and that Mr. Brown has not exhausted administrative remedies with respect to these claims.  They have attached an affidavit to their response which states that Mr. Brown has never filed a grievance concerning Officer Skinner and has not exhausted the grievance process with respect to Officer Jones.  Mr. Brown states in his reply that he has either properly grieved all of the actions which he wishes to allege in his amended complaint or that prison officials have refused to supply him with the proper forms to do so.

The Supreme Court has made it clear that "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."  Jones v. Bock, 549 U.S. 199, 216 (2007).  Thus, the objection which defendants raise concerning exhaustion does not go to the sufficiency of the proposed amended complaint,

-8-

but rather to an affirmative defense.  It would be particularly inappropriate to resolve the merits of that defense on the basis of an affidavit submitted before the amended complaint is even filed.  To do so would be tantamount to granting summary judgment on a claim not yet asserted.  The better procedure would be to allow the complaint to be filed, and to permit defendants to file a motion for summary judgment if they believe that the exhaustion requirement has not been satisfied.

The defendants' other argument is similar to the one which they advance in their motion to dismiss.  It questions the sufficiency of Mr. Brown's claim that he was adversely affected by the alleged actions of Officers Skinner and Jones.  Again, the better exercise of the Court's discretion is to permit the complaint to be filed, so that the Court and defendants may see exactly what actions Mr. Brown attributes to these new defendants.  If that complaint is subject to dismissal, defendants may, of course, file such a motion.  In the meantime, given the policy underlying Rule 15(a), which liberally favors amendments if no prejudice results, the Court will permit Mr. Brown to amend his complaint to add these new defendants and allegations.

### V.  Other Motions

There are two other motions pending in this case which fall within the jurisdiction of the Magistrate Judge to determine in the first instance.  They are Mr. Brown's motion for leave to supplement and to strike (#43) and defendants' motion for an extension of time (#48).  The former motion does not appear to be specific to this case and requests no relief that would affect the recommendation being made on the motion for judgment on the pleadings.  The latter motion is moot.  Both motions will be denied.

The other pending motions are all motions which must be

finally ruled on by the District Judge because they ask, in one
form or another, for some type of interim injunctive relief.
Since this recommendation leaves this case pending, if that
recommendation is adopted, those motions will require a ruling.
That should be done by way of a separate order, since they
pertain not just to this case but to Mr. Brown's other pending
cases, some of which may be subject to a recommendation that they
be dismissed in whole or in part.

### VI.  Recommendation and Order

Based on the above discussion, it is recommended that the
defendants' motion for judgment on the pleadings (#17) be denied.
It is further ordered that Mr. Brown's motion for leave to
supplement and to strike (#43) and defendants' motion for an
extension of time (#48) are denied.  His motion for leave to
amend his complaint (#26) is granted.  He shall file an amended
complaint setting forth his new claims against the proposed new
defendants within twenty-one days.  He is reminded that because
these defendants are not currently part of this case, he will
need to complete the required service forms so that the Marshal
may make service on them.

### VII.  Procedure on Objections

If any party objects to this Report and Recommendation, that
party may, within fourteen days of the date of this Report, file
and serve on all parties written objections to those specific
proposed findings or recommendations to which objection is made,
together with supporting authority for the objection(s).  A judge
of this Court shall make a de novo determination of those
portions of the report or specified proposed findings or
recommendations to which objection is made.  Upon proper
objections, a judge of this Court may accept, reject, or modify,
in whole or in part, the findings or recommendations made herein,
may receive further evidence or may recommit this matter to the

-10-

magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp
United States Magistrate Judge