```
               IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION

Frank C. Brown, Jr.,             :

            Plaintiff,           :   Case No. 2:10-cv-965

     v.                          :   JUDGE EDMUND A. SARGUS, JR.
                                     Magistrate Judge Kemp
Captain Andre J. Johnson,        :
     et al.,
            Defendants.          :
```

## REPORT AND RECOMMENDATION
## AND ORDER

Plaintiff, Frank C. Brown, a state prisoner formerly housed at the London Correctional Institution, filed this 42 U.S.C. §1983 case claiming that his constitutional rights were violated by certain actions which, he contends, were taken in retaliation for his exercise of his First Amendment rights. Currently before this Court is the State of Ohio's motion to dismiss former corrections officer Bridgette Klotz (Doc. #85), Defendants' motion for summary judgment (Doc. #86), and Mr. Brown's motion for a preliminary injunction and a temporary restraining order (Doc. #81). For the reasons set forth below, the Court will recommend that the State of Ohio's motion to dismiss Defendant Klotz be granted, Defendants' motion for summary judgment be granted (Doc. #86), and Mr. Brown's motion for a preliminary injunction and a temporary restraining order be denied as moot (Doc. #81).

## I. Background

As set forth in prior orders of this Court, Mr. Brown alleges that in September, 2010, he was removed from his prison job in the law library as retaliation for the exercise of his First Amendment rights. Prior to that time, he had filed an informal complaint against a corrections officer about the loss of a legal mail pass, and, when he was not allowed to see a log

book, he threatened to sue. He was then threatened with institutional charges but none were ever filed. Mr. Brown's complaint recites other instances where corrections officials harassed him for filing grievances or pursuing litigation, including filing false charges against him, and he asserts that all of this retaliatory conduct culminated in the loss of his job assignment in the law library. He also claims that, on other occasions, he was given some extra duty as punishment and given a verbal reprimand, again as part of an overall pattern of retaliation.

In an order filed on April 4, 2011, the Court concluded that these allegations were sufficient, under the law of retaliation as set forth in Thaddeus-X v. Blatter, 175 F.3d 378, 395 (6th Cir. 1999), to state a claim which could survive the initial screening required by 28 U.S.C. §§1915(e) and 1915A. Thereafter, the Court denied Defendants' motion to dismiss on the grounds of qualified immunity and granted Mr. Brown's motion for leave to amend his complaint. The Court later granted Mr. Brown an extension of time to amend his complaint. Mr. Brown has not filed an amended complaint or sought leave for additional time in order to do so. The Court also issued an Opinion and Order denying Mr. Brown's motion for injunctive relief and later denied Mr. Brown's motion for reconsideration on this issue.

Currently before this Court is a motion to dismiss former corrections officer Bridgette Klotz (Doc. #85), Defendants' motion for summary judgment (Doc. #86), and Mr. Brown's motion for a preliminary injunction and a temporary restraining order (Doc. #81). The Court will first consider whether Mr. Brown exhausted his administrative remedies as required by the Prison Litigation Reform Act of 1996 (PLRA), 42 U.S.C. §1997e(a), prior to bringing this lawsuit, an issue raised in both the motion to dismiss and the motion for summary judgment.

II. <u>Exhaustion of Administrative Remedies</u>

In its motion to dismiss, the State of Ohio[1] argues that Mr. Brown's claim against Defendant Klotz is barred because he failed to exhaust his administrative remedies with respect to that claim. Similarly, in the motion for summary judgment, Defendants argue that Mr. Brown's "failure to exhaust his administrative remedies bars his claims as to Defendants Johnson, Richardson, Ferrell, Foy, Frye, Hurwood, and Mason." (Doc. #86 at 5). Defendants attach a Declaration of Suzanne Evans, a Correctional Grievance Officer for the ODRC, in support of their assertion that Mr. Brown did not exhaust his administrative remedies as to these Defendants. <u>Id.</u> at Ex. 1. Defendants do not, however, argue that Mr. Brown failed to exhaust his administrative remedies with respect to his claim against Defendant Decarlo Blackwell, Inspector of Institutional Services at the London Correctional Institution. <u>Id.</u> at n.1. Accordingly, Mr. Brown's claim against Defendant Blackwell will be considered <u>infra</u> in this Report and Recommendation.

The PLRA requires a prisoner to exhaust administrative remedies prior to filing an action in federal court. 42 U.S.C. §1997e(a). "To exhaust a claim, a prisoner must proceed through all steps of a prison or jail's grievance process, because an inmate 'cannot abandon the process before completion and claim that he has exhausted his remedies.'" <u>Umani v. Caruso</u>, No. 07-CV-10649, 2008 WL 2216283 at *5 (E.D. Mich. May 27, 2008) (quoting <u>Hartsfield v. Vidor</u>, 199 F.3d 305, 309 (6th Cir. 1999)). Although exhaustion is not a jurisdictional prerequisite, it is a

---

[1] The State of Ohio filed the motion pursuant to O.R.C. §109.361, which allows the Ohio Attorney General to make an appearance to represent the State of Ohio's interests despite the fact that Defendant Klotz has made no request for representation. (Doc. #85 at n.1).

mandatory requirement.  See Wyatt v. Leonard, 193 F.3d 876, 879 (6th Cir. 1999).  Failure to properly exhaust bars suit in federal court.  See Woodford v. Ngo, 548 U.S. 81, 126 S. Ct. 2378 (2006).

Prisoners are not required to plead and prove exhaustion in their complaint, rather failure to exhaust is an affirmative defense.  See Jones v. Bock, 549 U.S. 199, 127 S. Ct. 910 (2007). Compliance with the grievance procedures will vary between systems and from claim to claim, "but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."  Id. at 921.  Exhaustion is mandatory even if proceeding through the administrative process would appear to the inmate to be "futile."  Hartsfield, at 308-310.  That is, "there is no futility exception to the exhaustion requirement."  Unami at *6 (citing Booth v. Churner, 532 U.S. 731, 121 S. Ct. 1819 (2001)).  As the Court of Appeals recently observed, "[t]he point of the PLRA exhaustion requirement is to allow prison officials 'a fair opportunity' to address grievances on the merits, to correct prison errors that can and should be corrected and to create an administrative record for those disputes that eventually end up in court."  Reed-Bey v. Pramstaller, 603 F.3d 322, 324 (6th Cir. 2010).

In the complaint, Mr. Brown acknowledged that there is a prisoner grievance procedure at the London Correctional Institution which he did not comply with.  (Doc. #1, Ex. 1 at 5). As to the reason for his noncompliance, Mr. Brown stated, "That is the basis and reasons for this action.  I was taken in handcuffs to the captain's office for filing an Informal Complaint Resolution against a C.O. and was told by Lts. that 'Your next one better be worded right or you are going to the hole!'."  Id.  As the State of Ohio observes in its reply brief in support of its motion to dismiss, although Mr. Brown opposed

the motion, he failed to respond to the State of Ohio's argument that he failed to exhaust his administrative remedies.  (Doc. #89 at 1-2).

Mr. Brown did not file an opposition to the motion for summary judgment, instead filing a "motion for time extension." (Doc. #88).  In the motion, Mr. Brown argues that he is unable to effectively respond because Defendants have refused to permit him to retain his legal documents and did not allow him to take the documents with him when he transferred to another institution. Defendants oppose Mr. Brown's motion for an extension of time, stating that "Plaintiff's Motion cites to Federal Rule of Civil Procedure 7(a), but it is more appropriately construed as a Rule 56(d) motion."  (Doc. #90 at 1).  Fed. R. Civ. P. 56(d), "When Facts Are Unavailable to the Nonmovant," provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> > (1) defer considering the motion or deny it;
> >
> > (2) allow time to obtain affidavits or declarations or  to take discovery; or
> >
> > (3) issue any other appropriate order.

Id.  Defendants argue that the Court should deny Mr. Brown's motion because it is not properly supported by an affidavit or a declaration as required by Fed. R. Civ. P. 56(d).  Moreover, Defendants assert that even if the motion were properly supported, Mr. Brown "does not identify any material facts he seeks to show are in dispute, or describe how his legal files would assist him."  (Doc. #90 at 2.)

Here, Mr. Brown admits in his complaint that he did not exhaust his administrative remedies.  Further, in his motion for an extension of time, Mr. Brown does not suggest that the materials he seeks would indeed demonstrate that he satisfied the

-5-

exhaustion requirement. Instead, Mr. Brown claims a need for the materials "in order for him to effectively refute and rebut [Defendants'] perjury." (Doc. #88 at 1). In his reply in support of his motion for an extension, Mr. Brown asserts that the materials he seeks will demonstrate that "he initiated grievance procedures against defendants" which led to issuance of false conduct reports. (Doc. #91 at 1). Although he claims to have initiated the grievance process, he does not argue that the materials will demonstrate his exhaustion of that process. On this basis, the "motion for time extension" (Doc. #88) will be denied.

In his complaint, Mr. Brown's explanation as to why he did not exhaust his administrative remedies seems to suggest that he feared retaliation if he pursued his rights fully using the institution's grievance procedure. A prisoner's general allegation that he feared retaliation from the prison staff, however, does not excuse the prisoner from exhausting his administrative remedies. See Himmelreich v. Federal Bureau of Prisons, No. 4L10-CV-2404, 2013 WL 3787619, at *3 (N.D. Ohio July 18, 2013); see also Sarah v. Deshambo, 67 Fed. Appx. 346, 346 (6th Cir. 2003) (finding that the district court properly dismissed plaintiff's complaint without prejudice where "plaintiff plainly alleged that he did not exhaust available administrative grievance remedies because he feared retaliation"). Stated differently, "courts have not recognized a fear of retaliation as an exception to the PLRA's exhaustion requirement." Ramos v. Gansheimer, No. 1:12 CV 132, 2013 WL 775353, at *6 (N.D. Ohio Feb. 26, 2013). Accordingly, Mr. Brown's fear of retaliation does not excuse his compliance with the PLRA's exhaustion requirement. Because Mr. Brown did not exhaust his administrative remedies, it will be recommended that the complaint against Defendant Klotz and all Defendants, except

-6-

Defendant Blackwell, be dismissed without prejudice.

### III. Motion for Summary Judgment Against Defendant Blackwell

The Court now examines the motion for summary judgment as it applies to Defendant Blackwell. Although the motion is captioned as one for summary judgment, it does not attach or cite to any evidence relating to Mr. Brown's claims against Defendant Blackwell. Rather than arguing that there is no genuine dispute of material fact pursuant to Fed. R. Civ. P. 56, Defendants instead argue that the allegations in Mr. Brown's complaint are deficient and "fail to state a viable retaliation claim" against Defendant Blackwell. (Doc. #86 at 11). Consequently, Defendants' arguments as to Defendant Blackwell are properly analyzed under Fed. R. Civ. P. 12 based on Mr. Brown's alleged failure to state claim on which relief can be granted. Accordingly, the Court will examine the face of the complaint and determine whether, taking all of Mr. Brown's allegations as true and construing them in the light most favorable to him, Mr. Brown's allegations state a legal claim against Defendant Blackwell. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed.2d 929 (2007); see also McLoyd v. United States, No. 04-605, 2006 WL 2135837, n.1 (D.N.J. July 27, 2006)(finding that motion brought pursuant to Fed. R. Civ. P. 56 should be analyzed under Fed. R. Civ. P. 12(b)(6)). Further, because the Court must limit its consideration to the pleadings and the attached exhibits, see Twombly, 550 U.S. at 556, providing Mr. Brown the additional time he seeks in his "motion for time extension" is unnecessary. Because nothing in the requested documents would change the pleadings, additional time is not warranted. On this basis, the Court again will deny Mr. Brown's "motion for time extension." (Doc. #88).

In the complaint, Mr. Brown alleges that Defendant Blackwell retaliated against him for using the grievance procedure.

Specifically, Mr. Brown argues that Defendant Blackwell filed two dispositions in response to his informal complaints that were retaliatory in nature. In order to state a First Amendment retaliation claim against Defendant Blackwell, Mr. Brown must allege that he engaged in a protected activity, that Defendant Blackwell took an adverse action against him that would deter a person of ordinary firmness from continuing to engage in that activity, and that the adverse action was motivated at least in part by Mr. Brown's protected activity. See Thaddeus-X, 175 F.3d at 394.

In his complaint, Mr. Brown first relies upon a disposition issued by Defendant Blackwell in response to Mr. Brown's informal complaints concerning adequate clothing. In response to these complaints, Defendant Blackwell issued a disposition which included the statement "Sgt. Hodson will get you into 2.4 compliance." (Doc. #1, Ex. A). According to Mr. Brown, this language demonstrates that Defendant Blackwell was retaliating against him for his use of the grievance process.

This Court disagrees. A thorough reading of the disposition demonstrates that, in response to Mr. Brown's grievance, Defendant Blackwell had Sgt. Hodson conduct a property inventory to determine if Mr. Brown had adequate clothing. As a result of that inventory, it was discovered that Mr. Brown was over the property limit on certain property items. In particular, Mr. Brown was found to have, among other items, "1 extra set of state blues; 2 extra pair pf state boots; 1 extra hat; and 5 extra pairs of state socks." Id. Defendant Blackwell's reference to 2.4 compliance related to the amount of space an inmate is provided to store personal property. (Doc. #86 at 13 (stating that 2.4 compliance refers to "the ODRC policy which limits inmates to 2.4 cubic feet of personal property")).

Although the filing of a legitimate grievance is indeed a

protected activity, Hill v. Lappin, 630 F.3d 468, 472 (6th Cir. 2010), enforcing prison rules against an inmate is not an adverse action. See, e.g., Sales v. Smith, No. 2:11-cv-239, 2012 WL 5389675, at *6 (S.D. Ohio Nov. 2, 2012)(finding that plaintiff failed to show an adverse action was taken against him where retaliation claim was based on enforcement of prison rules).  As this Court has observed, inconsequential actions do not rise to the level of a constitutional deprivation. Thaddeus-X, 175 F.3d at 398.  Mr. Brown does not allege that he was, in fact, brought into "2.4 compliance."  Moreover, even assuming that did happen, Defendant Blackwell's enforcement of the ODRC policy does not constitute an adverse retaliatory action.

The Court now turns to the second disposition issued by Defendant Blackwell which Mr. Brown claims is retaliatory.  In that disposition, Defendant Blackwell alleges that Mr. Brown engaged in disrespectful behavior toward prison officials.  With respect to this behavior, the disposition provides, "Due to your continued disrespect towards staff you will be recommended to be suspended from using the Inmate Grievance procedure due to abuse and disrespect to staff." (Doc. #1, Ex. D).  Mr. Brown claims that this constitutes retaliation for his use of the grievance process, noting "[i]t was not allowed." Id. at ¶25.  Mr. Brown has not set forth any allegations claiming that Defendant Blackwell indeed made the recommendation as provided in disposition, or that he was suspended from using the institution's grievance procedure.  Thus, the Court must consider whether the threat to recommend suspension alone is sufficient to constitute an adverse action for purposes of a retaliation claim.

The Court finds that it is not.  The threat alone did not impair Mr. Brown's First Amendment right to file legitimate grievances.  A careful reading of the record demonstrates that Defendant Blackwell made the threat in reaction to what he

perceived to be a frivolous grievance.  The Court of Appeals has found that "there is no constitutionally protected due process right to unfettered access to the grievance process." Threatt v. Birkett, No. 07-1752, 2008 U.S. App. LEXIS 28074, at *2 (6th Cir. Feb. 15, 2008)(quoting Walker v. Michigan Dept. of Corr., 128 Fed. Appx. 441, 445 (6th Cir. 2005)).  That is, the First Amendment right to file institutional grievances only applies to non-frivolous claims. Walker, 128 Fed. Appx. at 445.  Here, Mr. Brown has not alleged that he attempted to file a legitimate grievance but was denied access to the process as a result of Defendant Blackwell's disposition.  Mr. Brown thus fails to allege that Defendant Blackwell engaged in an adverse retaliatory action.

In addition to these claims, Mr. Brown also generally alleges that Defendant Blackwell continually failed to provide him with "the required forms in the required amounts in the required time limits" in order for him to "timely grieve and/or appeal the incidents or conditions of his environment. . . ." (Doc. 1 at ¶26).  Although Mr. Brown claims to have documents to support this allegation, he fails to attach them to the complaint.  Mr. Brown likewise alleges that Defendant Blackwell "recruited other [sic] to engage in retaliation" against him for his use of the inmate grievance procedure. Id. at ¶27.  General allegations that Defendant Blackwell failed to provide Mr. Brown with forms and recruited others to join him in retaliating against Mr. Brown are insufficient to state a plausible claim for relief.  For these reasons, the Court will recommend dismissal of the First Amendment retaliation claim against Defendant Blackwell.

### IV. Conclusion

Based upon the forgoing, the Court recommends that the complaint against Defendant Klotz and all Defendants, except

Defendant Blackwell, be dismissed without prejudice for failure to exhaust administrative remedies.  The Court likewise recommends that claim against Defendant Blackwell be dismissed with prejudice.  Consequently, the Court recommends that the State of Ohio's motion to dismiss Defendant Klotz be granted (Doc. #85), Defendants' motion for summary judgment be granted (Doc. #86), and Mr. Brown's motion for a preliminary injunction and a temporary restraining order be denied as moot (Doc. #81). There being no remaining claims for resolution, this Court recommends that this case be terminated.

Further, for good cause shown, the motion to withdraw as attorney for Defendant Klotz is granted.  (Doc. #84).  For the reasons stated herein, Mr. Brown's motion for a time extension is denied.  (Doc. #88).  In addition, Defendants' motion to strike Mr. Brown's response in opposition to the motion for judgment on the pleadings (Doc. #31) and Mr. Brown's motion to deny the motion for leave to file an answer instanter (Doc. #80) are denied as moot.

### V. Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object

to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. See <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir.1981).

/s/Terence P. Kemp
United States Magistrate Judge