UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

FRANK C. BROWN, JR.,

    **Plaintiff,**

v.

    Case No. 2:10-CV-965
    JUDGE EDMUND A. SARGUS, JR.
    Magistrate Judge Terence P. Kemp

ANDRE J. JOHNSON, et al.,

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff's objections, doc. 107; doc. 108, to the Magistrate Judge's report and recommendation, doc. 92. For the following reasons, the Court **OVERRULES** the objections and **ADOPTS** the report and recommendation.

### I.

Plaintiff Frank C. Brown is a state prisoner who proceeds pro se. He was formerly held at the London Correctional Institution ("LoCI"). He brings suit based on his time at LoCI:

> Although the events described in Mr. Brown's complaint took place over a long period of time, it appears that the gist of his complaint arises out of events which began on January 26, 2010. On that date, Mr. Brown filed an informal complaint against a corrections officer accusing the officer of throwing away a legal mail pass. That informal complaint, which is attached to Mr. Brown's complaint as Exhibit F, asserted that the officer had thrown . . . this type of pass away on two occasions. The complaint also alleged that a different corrections officer refused to show Mr. Brown a log book that had pertinent information in it. Mr. Brown stated in his complaint that the institution administration had "better tell" the corrections officer that the log book was a public record and that Mr. Brown would file a mandamus action to prove it.
> Two days later, Mr. Brown was taken to see Defendant Captain Johnson and accused of threatening the institution's staff in his informal complaint. After some discussion, Captain Johnson decided not to charge Mr. Brown with an institutional offense, but he did advise Mr. Brown that he needed to be careful how he worded his informal complaints and that if his

1

next complaint was not worded properly, he would be placed in segregation. Mr. Brown claims not to have filed an informal complaint since that date.

Perhaps as part of the same type of conduct, Mr. Brown alleges that he has been continually threatened and harassed by members of the institution staff for his litigation activities. He asserts, for example, that defendant Ferrell, a corrections officer, stops and harasses him every time that Mr. Brown is seen with legal material, and that another corrections officer, defendant Klotz, has also been recruited to assist in this harassment. He claims that yet a third corrections officer, defendant Frye, wrote him a false conduct report on July 9, 2010, and that defendant Klotz did the same thing nine days later. He also asserts that defendant Hurwood, a librarian, engaged in similar conduct. Mr. Brown was never convicted of any of these institutional offenses.

Perhaps by way of background, Mr. Brown alleges that in 2009, defendant Blackwell, who is the Inspector of Institutional Services, threatened to suspend him for using the inmate grievance procedure due to abuse and disrespect to staff and also retaliated against him on one occasion for using the process. Due to his uncertainty over how properly to word his grievances, Mr. Brown asserts that he is now unable to utilize the inmate grievance process to raise issues concerning the conditions of his confinement.

Doc. 5 at 1–3. Based on these events, Mr. Brown brings suit for violations of his First, Fifth, Eighth, and Fourteenth Amendment rights against the following LoCI employees: Captain Andre Johnson, Lieutenant Yvonne Richardson, Lieutenant Shawn Frye, Corrections Officer Tolbert Ferrell, Corrections Officer Bridgette Klotz, Corrections Officer John Foy, Librarian Gilbert Hurwood, Inspector DeCarlo Blackwell, and Unit Manager Kelly Mason.

**B.**

The report and recommendation principally addressed the merits of two dispositive motions—Defendants' motion to dismiss as to Defendant Klotz, doc. 85, and their motion for summary judgment as to the other Defendants, doc. 86. Magistrate Judge Kemp recommended granting both motions, albeit his reasons for doing so varied depending on the Defendant. As to all Defendants except Mr. Blackwell, Magistrate Judge Kemp concluded that Mr. Brown failed to exhaust his remedies according to the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. 1997e(a). And as to Defendant Blackwell, he recommended that Mr. Brown's claims be

2

dismissed for failing to state a facially plausible claim for relief. He thus ultimately recommended "that the State of Ohio's motion to dismiss Defendant Klotz be granted (Doc. #85), Defendants' motion for summary judgment be granted (Doc. #86), and Mr. Brown's motion for a preliminary injunction and a temporary restraining order be denied as moot (Doc. #81)." *Id.* at 11. Mr. Brown timely objected. *See* doc. 107; doc. 108.

## II.

If a party objects within the allotted time to a report and recommendation, 28 U.S.C. § 636(b)(1) provides that a district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."

## III.

The Court understands Mr. Brown to advance four objections to Magistrate Judge Kemp's report and recommendation, and it addresses each in turn.

### A.

Mr. Brown's first objection centers on the exhaustion-of-remedies issue. With their dispositive motions, all Defendants except Defendant Blackwell argued that Mr. Brown did not exhaust his administrative remedies as required by the PLRA. Mr. Brown acknowledged LoCI's internal grievance procedure in his complaint and acknowledged that he did not comply with it. *See* doc. 4 at 5. In his response to Defendants' argument regarding his failure to exhaust his remedies, Mr. Brown filed a motion for time extension. *See* doc. 88. In it, he asserts that Defendants have refused to provide Mr. Brown with legal materials he needs "to effectively refute and rebut [Defendants'] perjury." Doc. 88 at 1. Magistrate Judge Kemp construed this

3

motion under Rule 56(d), which allows the Court to delay consideration if the nonmovant shows that he cannot present facts essential to justify his opposition. Magistrate Judge Kemp did not find this argument persuasive. He explained that Mr. Brown still admitted to his failure to exhaust his remedies; and that Mr. Brown did not argue that the materials he seeks would demonstrate that he satisfied the exhaustion requirement. Accordingly, he denied Mr. Brown's motion for time extension and held that it did not affect the merits of the exhaustion-of-remedies issue. Mr. Brown's first objection to the report and recommendation renews the arguments advanced in his motion for extension.

The Court agrees with Magistrate Judge Kemp. Mr. Brown admits to his failure to exhaust his internal remedies as to all Defendants except Mr. Blackwell. His arguments regarding the missing legal papers do "not suggest that the materials he seeks would indeed demonstrate that he satisfied the exhaustion requirement." Doc. 92 at 5–6. Accordingly, as to all Defendants except Mr. Blackwell, Mr. Brown did not comply with the exhaustion-of-remedies requirement under the PLRA. *See, e.g., Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010) ("An inmate exhausts a claim by taking advantage of each step the prison holds out for resolving the claim internally and by following the critical procedural rules of the prison's grievance process to permit prison officials to review and, if necessary, correct the grievance on the merits in the first instance." (internal quotation marks omitted)); *see also Sarah v. Deshambo*, 67 F. App'x 346, 347 (6th Cir. 2003) ("Unexhausted claims should be dismissed without prejudice. Here, plaintiff plainly alleged that he did not exhaust available administrative grievance remedies because he feared retaliation. Accordingly, the district court properly dismissed plaintiff's complaint without prejudice." (citation omitted)). His objection on this count is thus overruled.

4

**B.**

With his second objection, Mr. Brown blames his failure to exhaust his administrative remedies on Defendant Blackwell. He specifically contends that he could not exhaust his remedies because Defendant Blackwell refused to provide him the proper forms. Mr. Brown does not make clear whether this argument applies to his claims against all Defendants except Mr. Blackwell, or only to those against Defendant Blackwell. The Court overrules the objection either way.

As to all Defendants except Mr. Blackwell, Mr. Brown's new exhaustion-of-remedies argument fails because it is indeed new, and because his complaint contradicts it. This is the first time he has made the argument that Defendant Blackwell prevented him from exhausting his remedies as to his claims against all of the other Defendants. In other words, according to his initial allegations and his arguments advanced before the objection, Mr. Brown's argument regarding required legal forms—up until his objection—only applied to his claims against Mr. Blackwell. *See, e.g.*, doc. doc. 4 ¶ 5 (explaining that he failed to exhaust his remedies as to his claims against all Defendants except Mr. Blackwell out of fear of retaliation); *id.* ¶¶ 19–26 (clearly separating his previous claims from those against Mr. Blackwell, and explaining that he could not internally appeal his Blackwell-specific claims because Mr. Blackwell failed to provide the necessary grievance forms). Because he did not raise this new argument earlier, and because it was not before the Magistrate Judge, the Court will not sustain the objection as a valid basis for overruling the Magistrate Judge's report and recommendation. *See, e.g.*, *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998) (citing *Marshall v. Chater*, 75 F.3d 1421, 1426–27 (10th Cir. 1996), for the proposition "that issues raised for first time in objections to magistrate judge's report and recommendation are deemed waived")); *see also Murr v. United States*, 200

5

F.3d 895, 902 n.1 (6th Cir. 2000) ("The magistrate [judge] thus never had the opportunity to consider this issue. Courts have held that while the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate [judge].").

Mr. Brown's contention that he did not have the proper forms to file an administrative complaint also fails as to his claims against Defendant Blackwell. Magistrate Judge Kemp did not base his recommendation to dismiss Defendant Blackwell on the exhaustion-of-remedies issue. Instead, assuming Mr. Brown exhausted his remedies against Defendant Blackwell, Magistrate Judge Kemp held that Mr. Brown failed to state a facially plausible claim for relief as to Defendant Blackwell. *See* doc. 92 at 8–10. The Court thus overrules Mr. Brown's objection on this count.

## C.

Third, Mr. Brown objects to the conclusion that the complaint as to Mr. Blackwell fails to state a facially plausible claim for relief for First Amendment retaliation.[1] He does not object to any specific part of the recommendation, instead registering a general disagreement with the conclusion. In doing so, he relies on the same arguments Magistrate Judge Kemp considered. According to his complaint, Mr. Brown bases his claim on "two dispositions" Mr. Blackwell filed "in response to [Mr. Brown's] informal complaints." Doc. 92 at 8. An examination of both dispositions leads to the same conclusion Magistrate Judge Kemp reached.

The first disposition came in response to Mr. Brown's informal complaint about not having enough clothing. Defendant Blackwell directed an inventory search of Mr. Brown's cell

---

[1] Magistrate Judge Kemp analyzed Defendant Blackwell's motion as one to dismiss rather than according to its title as one for summary judgment. Doc. 92 at 7. The parties do not contest this point and the Court agrees.

to verify the complaint. The search revealed that Mr. Brown, in fact, had more property than was allowed by Ohio Department of Rehabilitation and Correction ("ODRC") regulations. *See, e.g.*, doc. 82-1 at 6 (ODRC memo referring to "inmate's overall 2.4 cubic feet property limitation as provided in Administrative Rule 5120-9-33"); *see also Allied Mech. Servs., Inc. v. Local 337 of United Ass'n of Journeymen*, No. 99-1494, 2000 WL 924594, at *2 (6th Cir. June 26, 2000) ("[T]he district court's consideration of materials presented in connection with the motion to dismiss did not convert the motion to one for summary judgment because the materials reiterated the contents of the complaint, were referred to in the complaint, or were central to the claims asserted."). This led Magistrate Judge Kemp to conclude: "Although the filing of a legitimate grievance is indeed a protected activity, enforcing prison rules against an inmate is not an adverse action." Doc. 92 at 8–9 (citation omitted); *see, e.g., Sales v. Smith*, No. 2:11-CV-239, 2013 WL 1327069, at *4 (S.D. Ohio Mar. 28, 2013). The Court agrees and Mr. Brown's objection is thus overruled as to the first disposition.

The second disposition came after Mr. Brown's grievance that a member of LoCI's staff used profanity toward him. Defendant Blackwell investigated and concluded: (1) that the staff member did not do so; (2) that Mr. Brown had been disrespectful toward multiple staff members, *see* doc. 4 at 25 (Defendant Blackwell's disposition, which noted that Mr. Brown said "I know Ms. Mason is a blonde, but she cannot be that ignorant," and that he called "Sgt. Reeves . . . intellectually inferior"); and (3) that he had used the inmate grievance procedure to "abuse and disrespect staff," *id.* The report and recommendation thus concluded that "[a] careful reading of the record demonstrates that Mr. Blackwell" threatened Mr. Brown with sanctions for his grievance filings "in reaction to what [Defendant Blackwell] perceived to be . . . frivolous grievance[s]." Doc. 92 at 10. The Magistrate Judge further concluded that the mere threat to

7

suspend grievance filings in response to what Defendant Blackwell considered frivolous grievances did not constitute a retaliatory action. The Court agrees. *See, e.g.*, *Walker v. Mich. Dept. of Corrections*, 128 F. App'x 441, 445 (6th Cir. 2005) ("All circuits to consider this issue have also found that there is no constitutionally protected due process right to unfettered access to prison grievance procedures."). This objection is thus overruled.

### D.

Finally, Mr. Brown's objection includes additional retaliation-related allegations not present in his complaint and not present before Magistrate Judge Kemp. Mr. Brown has had over four years to develop the record in this case or to file additional amended complaints. He has failed to do so. The Court thus declines to sustain Mr. Brown's objections based on new allegations. *See Waters*, 158 F.3d at 936; *Murr*, 200 F.3d at 902 n.1. Mr. Brown's objection based on additional allegations is thus overruled.

### IV.

Two matters remain. First, Magistrate Judge Kemp also recommended the following: that the motion to withdraw as attorney for Defendant Klotz be granted, doc. 84; that Mr. Brown's motion for a time extension be denied, doc. 88; and that a number of remaining motions be denied as moot, *see* doc. 31 (Defendants' motion to strike Mr. Brown's response to their motion for judgment on the pleadings); doc. 80 (Mr. Brown's motion to deny the motion for leave to file an answer instanter). The report and recommendation advised the parties that failure to object within fourteen days would result in a waiver of the right to review. The time period for objections has run and no party has objected. Accordingly, the report and recommendation as to these motions is adopted.

8

Second, the Magistrate Judge recommended that, should all of the recommendations be adopted, the case be terminated because no claims remain for resolution. The Court agrees. A review of Plaintiff's complaint reveals that all of his pleadings concern his First Amendment retaliation claims. To be sure, he nominally alleges violations of his rights under the Fifth, Eighth, and Fourteenth Amendments. Even so, these claims are one and the same with his First Amendment claims and the Court reads Plaintiff's complaint to allege only violations of his First Amendment rights. Assuming this were not the case, the upshot of his complaint is that some of LoCI's employees engaged in disrespectful conduct toward Mr. Brown. To be sure, this is not conduct of which the employees should be proud. But it is also not conduct that rises to the level of supporting facially plausible claims for relief under the Fifth, Eighth, and Fourteenth Amendments. *See, e.g.*, 28 U.S.C. 1915(e)(2) (noting that, for litigants proceeding in forma pauperis, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted"). The remaining recommendations—as to any other pending motions and to the overall status of the case—are thus adopted.

V.

For the foregoing reasons, Court **OVERRULES** Mr. Brown's objections, doc. 107; doc. 108, and **ADOPTS** the report and recommendation in its entirety, doc. 92. Accordingly:

- Mr. Brown's motion for a time extension is **DENIED**. Doc. 88.

- Defendants' dispositive motions, doc. 85; doc. 86, are **GRANTED**, which results in the following—the complaint against Defendant Klotz and all Defendants except Defendant Blackwell is **DISMISSED** without prejudice for failure to exhaust administrative remedies; and the claim against Defendant Blackwell is **DISMISSED** with prejudice.

- For good cause shown, the motion to withdraw as attorney for Defendant Klotz is **GRANTED**. Doc. 84.

- With no claims remaining for resolution, this case is **DISMISSED** and the Clerk is **DIRECTED** to enter judgment accordingly. The following motions are thus **DENIED**

9

**as moot**—Mr. Brown's motion for a preliminary injunction and a temporary restraining order, doc. 81; Defendants' motion to strike Mr. Brown's response in opposition to the motion for judgment on the pleadings, doc. 31; Mr. Brown's motion to deny the motion for leave to file an answer instanter, doc. 80; Mr. Brown's motion to stay the proceedings, doc. 96; and Mr. Brown's motion for relief determination, doc. 102.

**IT IS SO ORDERED.**

_3-25-2014_
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**